IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHAKA Z. HERNDON, ID # 31436-177, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:05-CV-1021-P |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

On April 8, 2005, the Court received a letter from plaintiff in which plaintiff requests the Court to order defendant to release $404.00 that was allegedly confiscated from plaintiff as part of his federal criminal case (Cause No. 3:03-CR-440-P). On May 19, 2005, the Court construed the letter as a civil action under 28 U.S.C. § 1331 seeking the return of property and had the instant civil action opened. On May 25, 2005, the Court issued a Notice of Deficiency and Order directing that plaintiff pay the required $250 filing fee or file a proper application to proceed *in forma pauperis*. The Court accorded plaintiff twenty days from the date of that Order to cure the deficiency. It warned plaintiff, furthermore, that "[f]ailure to comply with this Order will result in a recommendation that the complaint be dismissed for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b)." To date, plaintiff has filed nothing further in this case. Nor has he paid the requisite filing fee.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiff has failed to comply with the Order of May 25, 2005, that he pay the filing fee or submit a proper request to proceed *in forma pauperis* within twenty days.  Such failure indicates that plaintiff has no current intention to proceed with this case.  Accordingly, the Court should dismiss his complaint.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 3rd day of August, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

 

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE